# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| AARON PIERCY, as Administrator of the )<br>Estates of Dale Piercy, )<br>  )<br>    Plaintiff, )<br>  )<br>      v. )<br>  )<br>KELLY WILHELMI, individually and in )<br>his capacity as Sheriff of Whiteside )<br>County, et. al., )<br>  )<br>    Defendants. ) | Case No.   16-mc-1008 |

## OPINION & ORDER

Before the Court is the Motion to Quash Subpoenas (Doc. 1) brought by several defendants in a civil rights action now pending in the Northern District of Illinois and a "Supplement To Motion To Quash Subpoenas" (Doc. 5) that purports to be a motion. For the reasons stated below the motion to quash is denied and the motion to supplement is granted in part and denied in part.

### FACTUAL BACKGROUND

Dale Piercy ("Mr. Piercy") died while in the custody of the Illinois Department of Corrections ("IDOC"). Before being transferred to IDOC, he was detained in Whiteside County Jail. Allegedly, Mr. Piercy demonstrated he was in need of medical attention throughout his detention in Whiteside County Jail but was denied it. This denial of medical attention contributed to Mr. Piercy's later death. His son, as administrator of his estate, brought an action against everyone who had custody and control of Mr. Piercy or who took part in the determination to

deny Mr. Piercy medical attention during the relevant times. Among those defendants are Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. ("ACH"), the movants in this action. Plaintiff contends ACH has a pattern or practice of denying detainees/prisoners access to necessary medical care.

The underlying civil action, No. 14-cv-7398, has been ongoing since 2014 in the Northern District of Illinois. Pursuant to that action, Plaintiff sought and received several subpoenas, of which the recipient entities reside in the Central District of Illinois. These subpoenas seek information that purportedly relates to Plaintiff's pattern or practice claim against ACH. The three Defendants mentioned above, who are not the recipients of any of the subpoenas in question, now move to quash the subpoenas on the grounds that they are beyond the reasonable scope of discovery and disproportionate to the needs of the case. Alternatively, they request this Court to transfer the action to the Northern District of Illinois for the presiding court in the underlying matter to decide the motion. Defendants do not argue that there is any technical deficiency in the subpoenas. Plaintiff opposes the motion to quash as well as the alternative request to transfer.

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure sets out the general requirements for issuing and challenging subpoenas. The rule provides that the court for the district where compliance is required (this Court) <u>must</u> quash or modify a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the certain geographical limits; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to

undue burden. Fed. R. Civ. Pro. 45(d)(3)(A). Such a court <u>may</u> quash or modify a subpoena if the subpoena requests trade secrets or other confidential research, development, or commercial information; or unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. The Advisory Committee notes to Rule 45 explain that when a court is determining whether exceptional circumstances are at issue, the court's

> prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. . . . [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Elliot v. Mission Trust Servs., LLC*, No. 14 C 9625, 2015 WL 1567901, at *2 (N.D. Ill. Apr. 7, 2015).

## DISCUSSION

### I.    There is No Need to Transfer This Motion.

The Advisory Committee notes make clear that a court should consider the burden on the recipient of the subpoena and whether the court's rulings on the motion to quash would disrupt the underlying proceeding when determining whether to transfer a motion to quash. The Court does not see any reason to

transfer this motion based on those two considerations. First, the Court is unaware of any potential burden placed upon the local nonparty subjects of the subpoenas because 1) they are not challenging these subpoenas themselves and 2) the Defendants have not provided any material from which the Court can glean whether these nonparties have expressed that they are burdened by the subpoenas in question. Second, this Court's ruling on the motion to quash will not disrupt the underlying proceeding because this Court will not reach the merits of the motion. As will be discussed in more detail below, the Court finds that the Defendants lack standing to oppose the challenged subpoenas.

## II.    Defendants Lack Standing to Challenge the Subpoenas.

Defendants do not address standing at all in their original motion to quash. As recognized by other courts in this judicial district, generally, a litigant lacks standing to move to quash a subpoena directed at a third party unless the litigant has a claim of privilege attached to the information sought or unless the production of the information sought implicates a litigant's privacy interests. *Jump v. Montgomery Cty.*, No. 13-CV-3084, 2015 WL 4999673, at *1 (C.D. Ill. Aug. 21, 2015), *appeal denied*, No. 13-3084, 2015 WL 6558851 (C.D. Ill. Oct. 29, 2015). Defendants do not claim in their motion to quash that any purported claim of their privilege or privacy interests are at issue.

The subpoenas request the following documents:

1. All marketing, advertising, or promotional materials, including but not limited to pamphlets, brochures, and power point presentations, provided or sent to the Knox County Sheriff's Office, Knox County Jail, or any employee of the Knox County Sheriff's Office by Advanced Correctional Healthcare ("ACH").

2. A copy of any contract between the County, Jail, or Sheriff, and ACR.

3. Documents sufficient to show the names and any offers, bids, or marketing materials provided by competing medical care providers at or around the time the County elected to contract with ACH.

4. A copy of the minutes of any County Board Meeting at which any contract with ACH was discussed.

The Court cannot conclude from the quoted language above that the Plaintiff is seeking information infringing upon Defendants' privacy or privilege concerns.

Moreover, as one should be able to glean from the heading of Rule 45(d)— "Protecting a Person Subject to a Subpoena; Enforcement."—the underlying theme of the entire provision is that one can challenge a subpoena if one is concerned with protecting <u>the person subject to the subpoena</u> from some harm or undue burden. Defendants do not discuss any harm or undue burden thrust upon the persons subject to the subpoenas in question.

Instead, Defendants generally assert that they are being harmed by being forced to litigate extraneous issues brought on by these subpoenas. They specifically complain about the cost of expansive discovery but do not explain how their costs are affected by Plaintiff gathering documents from non-parties. If the discovery sought by the subpoenas was truly irrelevant and beyond the scope of the litigation, then the Defendants would not likely care what such discovery revealed. Again, they are not the persons subject to the subpoenas, so they are not the parties burdened with the production of documents or otherwise responding to the subpoenas. In short, the Court fails to see how they are being harmed in any concrete fashion by these non-party subpoenas.

Therefore, the Court finds the Defendants have not demonstrated how their interests—other than perhaps their litigation strategy—are sufficiently impacted by the non-party subpoenas to find they have standing to challenge the subpoenas under Rule 45; especially in light of the fact that the non-party recipients of the subpoenas have expressed no qualms to the Court in responding to the subpoenas.

## III.   Defendants' "Supplement to Motion to Quash" is not well taken.

Defendants' Supplement to Motion to Quash is much more like a reply brief prohibited by CDIL LR 7.1(B)(3) than a mere supplement. Defendants have not requested leave of court to file their Supplement. On these grounds alone, the Court would be well within its discretion to strike the Supplement outright. However, the Court will consider the arguments raised within the Supplement.

First, Defendants claim the general rule—that a litigant lacks standing to move to quash a subpoena directed at a non-party unless the litigant has a claim of privilege attached to the information sought or unless the production of the information sought implicates a litigant's privacy interests—is too broad to possibly hold true. Defendants provide no authority for this proposition, let alone case law in which courts have cast doubt upon the legitimacy of general rule or recited a narrower rule. Therefore, this argument does not sway the Court.

Second, Defendants claim that "courts always have inherent authority to limit the scope of discovery as well as authority for protective orders granted by Fed.R.Civ.P. 26 and 37." That is correct, but that statement was made by a court exercising its authority over a <u>case it was presiding over</u>, not an ancillary matter such as this. This Court has no interest in delving into whether Plaintiff is abusing

the discovery process in its Northern District of Illinois case, except to the extent provided for by Rule 45 itself, which is to ensure that local non-party recipients of the subpoenas are not being harmed. On that point, Defendants have still not presented anything.

Lastly, Defendants complain that Plaintiff has acted in a manner to try to circumvent their ability to meaningfully contest the subpoenas. They state "Plaintiff has also been contacting some of the jails and asking the jails to respond to the subpoena prior to the response date in a crass attempt to moot the Motion to Quash Subpoenas and avoid the impact of a ruling from the Court." They characterize these actions as misconduct and analogize them to the failure to give notice of a subpoena. The Court disagrees with the Defendants' contentions.

In the Seventh Circuit case cited by Defendants, *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008), the court held that plaintiff's failure to comply with subparagraph (a)(4) (as now amended) of Rule 45, serving prior notice before commanded the production of documents, was sanctionable. The court found that plaintiff did not provide defense counsel with copies of the subpoenas nor with copies of the documents it received via the subpoenas. 529 F.3d at 387. That is simply not the case here. Serving opposing counsel prior notice before commanding the production of documents is a clear requirement of Rule 45. Defendants do not allege that Plaintiff has violated any of Rule 45's requirements. Instead they contend that Plaintiff has violated the spirit of the notice requirement.

Plaintiff's counsel requested certain subpoena recipients if they would be interested in emailing or faxing responsive documents by June 13, 2016 instead of physically turning them over in person as originally contemplated in the subpoenas. Defendants take issue with these side letters. Yet nothing within the requirements of Rule 45 demonstrates this behavior is a circumvention of the rules regarding notice or otherwise constitutes sanctionable behavior.  Moreover, clearly Defendants have not been left without recourse to oppose the subpoenas as they are currently doing exactly that in this action.

## CONCLUSION

For the foregoing reasons, the Motion to Quash Subpoenas (Doc. 1) is DENIED. The Supplement to Motion to Quash (Doc. 5)  is GRANTED only to the extent that those latter subpoenas issued to entities residing in the Central District of Illinois are within the purview of this Opinion and Order. The Clerk may terminate this miscellaneous action without a judgment.

SO ORDERED.

Entered this 27th day of May, 2016.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
